## JESSE E. HORNAKER *v.* SAMUEL YEAGER.

**Vendor and Purchaser—Estoppel of Purchaser.**

A purchaser of land can not be estopped by admissions made by his remote vendor, unless he had notice thereof prior to his purchase.

APPEAL FROM LEWIS CIRCUIT COURT.

June 6, 1873.

OPINION BY JUDGE LINDSAY:

Appellee's title to the land upon which the alleged trespass was committed does not depend upon the legality of the patents issued to Wilson and Owings, but to the actual adverse occupancy, or possession of himself and those under whom he claims to hold for the requisite length of time to invest him with a possessory title.

It is not material to decide whether, when Owings purchased from Wilson and entered upon the fifty-acre tract patented to the latter, claiming to the boundaries of the three adjoining tracts patented to himself, his possession by operation of law extended to said boundaries.

The opinion of this court in the case of *Young v. Withers,* 8 Dana 165, seems to justify the conclusion that it did, but however this may be, when he sold to Willis Bagby, the latter entered under his deed, and not under the patents of Wilson and Owings.

If he claimed to the extent of the lands embraced by his deed, the boundaries being well marked and defined, then his possession was co-extensive with his claim, and limitation at once began to run in his favor as to all the land covered by the deed. Instructions Nos. 1 and 2, given at appellee's instance, conform to this view of the law and are therefore approved. It follows that Instruction No. 1 asked for by appellant was properly refused. Under the pleadings and proof in the case appellant could not have been prejudiced by appellee's third instruction as the right of recovery did not depend upon appellant's title, but upon that of appellee. The second instruction asked by appellant was properly refused. Yeager could not be estopped by oral or written admissions made by his remote vendor, Willis Bagby, unless notice thereof was carried home to him before his purchase. Instruction No. 5 was much too favorable to appellant. Perceiving no valid objections to the ruling of the court, the judgment is *affirmed.*

*Halbert & Taylor, for appellant.*

*G. M. Thomas, Phister, for appellee.*